IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEBASTIAN GUTIERREZ, | § § § | |
| Movant, | § § | |
| VS. | § § | NO. 4:19-CV-054-O |
| | § | (NO. 4:16-CR-155-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**OPINION AND ORDER**

Came on for consideration the motion of Sebastian Gutierrez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:16-CR-155-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 17, 2016, movant was named in a one-count information charging him with possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). CR Doc.[1] 16. Movant and his attorney signed a waiver of indictment. CR Doc. 20. They also signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged by the information. CR Doc. 19. On June 27, 2016, movant and his counsel appeared before the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-155-O.

Court for arraignment. CR Doc. 22. Movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone including his attorney as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with his attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; that no one had mentally, physically, or any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and that the stipulated facts in the factual resume were true and correct. CR Doc. 53. The Court found that the plea was knowing and voluntary. *Id.*

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 18. CR Doc. 25, ¶ 28. He received two-level increases for material involving a prepubescent minor or minor under the age of 12, use of a computer, and knowing that the victim of the offense was a vulnerable victim. *Id.* ¶¶ 29, 31, 33. He received a four-level increase because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence. *Id.* ¶ 30. He received a five-level increase because the offense involved over 600 images. *Id.* ¶ 32. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 30 and a criminal history category of I, movant's guideline imprisonment range was 97 to 121 months. *Id.* ¶ 72.

Movant filed objections, CR Doc. 29, and the probation officer prepared an addendum to the PSR, which reflected that if movant was sentenced under the 2016 guidelines, his range would be 78 to 97 months. CR Doc. 31. Movant again filed objections. CR Doc. 37.

The Court sentenced movant to a term of imprisonment of 78 months. CR Doc. 44. Movant appealed. CR Doc. 46. His judgment was affirmed. *United States v. Gutierrez*, 698 F. App'x 789 (5th Cir. 2017). He did not file a petition for writ of certiorari.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds, worded as follows:

Ground One: Ineffectiveness of trial and appellate attorneys who are in collusion with the government.

Ground Two: Prosecutorial misconduct regarding embellishments, unfounded allegations and unconstitutionally representing the United States of America, negating subject-matter jurisdiction in the trial court.

Ground Three: Judicial impropriety and indiscretion affording the government preferential consideration regarding all issues.

Ground Four: An unconstitutional plea agreement clearly demonstrating collusion between the trial judge, government and federal public defender's office.

Doc. 4 at 7–8. In the place provided for supporting facts as to each ground, movant says "See original § 2255 motion," presumably referring to the typewritten document titled "Movant's Motion to Vacate, Set-Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" attached to the form § 2255 motion. *Id.*

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

3

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751

4

(5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In the discussion of his first ground, movant does not identify any acts or omissions of his trial counsel that he contends constituted ineffective assistance. As for his appellate counsel, he only says that the attorney told movant that he wished to file an *Anders* brief.[2] Doc. 4 at PageID[3] 28–29. He references "[t]hreats, coercion, excessive sentences, and no defense strategy." And he refers to failure to do any presentence investigation "even though evidence existed which was exculpatory in nature and would have been essential for appellate review," but it is not clear if he is making the allegation with regard to his counsel or just parroting the case he references. *Id.* at PageID 28. His conclusory allegations are insufficient to support a claim of ineffective assistance. *Strickland*, 466 U.S. at 690; *Miller*, 200 F.3d at 282.

---

[2] The court notes that such a brief was not filed.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the page numbers on the typewritten document attached to movant's motion are not consecutive to those of the form motion filed by movant.

In support of his second ground, movant contends that the Assistant United States Attorney ("AUSA") assigned to his case prosecuted him "utilizing allegations that were never heard by a jury, embellished and false; just to obtain a conviction." Doc. 4 at PageID 29. Of course, movant was not tried by a jury because he pleaded guilty. He provides no evidence to substantiate any allegation with regard to the conduct of the AUSA. The claim is conclusory and cannot be pursued. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Movant's bald assertions are not of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). And, in any event, this ground is procedurally defaulted as it was not raised on direct appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

In support of his third ground, movant contends that the undersigned exhibited bias and was required to recuse. Doc. 4 at PageID 30. Again, he does not identify any facts to support such allegation. Instead, he makes the conclusory allegation that the "plea agreement [was] known by the Court to be coerced, unknowingly and involuntarily executed." *Id.* Of course, there was no plea agreement in this case and the Court found that movant's guilty plea was knowing and voluntary.

Finally, in support of his fourth ground, movant argues that he was under duress and vulnerable and "upon threats, collusion, and coercion, accepted a plea agreement without any semblance of effective representation." Doc. 4 at PageID 31. There was no plea agreement and the contention that movant's plea of guilty was not knowing and voluntary is belied by the record. Movant's solemn declarations under oath are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*,

545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of January, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**